PETER D. DURNEY, ESQ.
Nevada State Bar No. 57
DURNEY & BRENNAN, LTD.
6900 So. McCarran Blvd. Ste. 2060
Reno, NV 89509
Telephone: (775) 322-2923

MATTHEW RIGHETTI (*Pro Hac Vice* Application Pending)
(California State Bar No. 121012)
MICHAEL C. RIGHETTI (*Pro Hac Vice* Application Pending)
(California State Bar No. 258541)
RIGHETTI • GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:   (415) 983-0900
Facsimile:   (415) 397-9005
matt@righettilaw.com
mike@righettilaw.com

Attorneys for Plaintiff, CHARLES A. JONES,
individually and on behalf of other members similarly situated

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES A. JONES, on behalf of himself and all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>ALL AMERICAN AUTO PROTECTION, INC.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br><br>**DEMAND FOR JURY TRIAL** |

1

**CLASS ACTION COMPLAINT**

Plaintiff, CHARLES A. JONES, ("Plaintiff") brings this action on behalf of himself and an alleged class of persons similarly situated against Defendant ALL AMERICAN AUTO PROTECTION, INC. ("Defendant"), for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## PRELIMINARY STATEMENT

1. In a recent effort to promote and enhance the sale of extended auto service/warranty contracts, Defendant made or caused to be made and benefitted/profited from unauthorized calls made to cellular telephone numbers throughout Nevada and the greater United States using an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls.

2. Plaintiff brings this class action complaint against Defendant to halt Defendant's practice of making unsolicited solicitation calls to cellular telephone numbers throughout Nevada and the greater United States without first obtaining the required consent of the person being called. For his class action complaint, Plaintiff alleges as follows upon personal information as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by himself and his attorneys.

## NATURE OF THE ACTION

3. This suit asserts allegations that Defendant violated the Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*) ("TCPA") by making, or causing to be made, and benefiting/profiting from the making of telephone calls to cellular telephone lines using an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls. By effectuating this telephonic spam, Defendant has caused Plaintiff and the alleged class actual harm, not only because recipients of the calls were subjected to a violation of their right to privacy, but also because of the cost, annoyance and aggravation that necessarily accompanies unsolicited telemarketing phone calls to cellular telephones where subscribers to cellular services must actually pay their cell phone providers for receipt of such calls or have their planned allotment of cell phone minutes debited by such calls. The calls alleged herein are being made in violation of the TCPA – a federal statute specifically prohibiting the type of conduct alleged herein.

4. Defendant initiated thousands of such telephone calls to cellular phone numbers using an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls without the prior express consent of the called party. The initiation of such phone calls to cellular telephone lines without the recipients' consent violates 47 U.S.C. § 227.

5. Plaintiff, on behalf of himself and a class of similarly situated persons in the United States, as more specifically defined herein, brings this suit under the TCPA for injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6. This Honorable Court has sole and exclusive jurisdiction over this action under the TCPA. The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3).

## DESCRIPTION OF THE PARTIES

7. Plaintiff is an individual domiciled and residing in the City of Reno, State of Nevada. Plaintiff received a call on his cellular phone on March 26, 2014 at approximately 9:30 a.m. and March 27, 2014 at 2:47 p.m. originating from telephone number 775-671-3646. Plaintiff also received calls from the same number on his cellular phone on March 25, 2014 at approximately 1:00 p.m. and on March 24, 2014 at approximately 1:47 p.m. When Plaintiff answered the calls there was a long pause (approximately seven seconds) and clicking noises without any response from the initiating party. This was followed by a voice explaining that the call concerned Plaintiff's 2009 Lexus warranty. Plaintiff was transferred to a supervisor named Charlie Fort. Mr. Fort offered Plaintiff a "Diamond New Car" protection plan for $3995. Mr. Fort went over the specifics of the plan that Defendant was seeking to sell -- and told Plaintiff that it was important for Plaintiff to purchase the Diamond New Car plan by the end of the call. Plaintiff's call was transferred to another supervisor, Samuel Morris. Mr. Morris confirmed that he was calling from All American Auto Protection, based in Las Vegas. During the call, Mr. Morris provided Plaintiff with the following telephone number for Plaintiff to use to purchase the

3
**CLASS ACTION COMPLAINT**

Diamond New Car plan once Plaintiff made a decision: 800-426-1534. This 800 phone number corresponds with the contact number set forth on Defendant's web site www.aaaprotection.com.

8. Defendant is a Nevada corporation located at 1785 E. Sahara Avenue, Suite 490, Las Vegas, NV. The calls made to Plaintiff's cellular phone were made by or on behalf of Defendant using an automatic telephone dialing system and/or a system that had the capacity to make automated calls to cellular telephone lines of persons located in the United States.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

9. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, also known as "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party.

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated calls are a greater nuisance and invasion of privacy and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance, or after, the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003).

12. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

### Placing and Receipt of the Calls

13. At all relevant times Plaintiff, an individual residing in the State of Nevada, was a "person" as defined by 47 U.S.C. § 153(32).

4

**CLASS ACTION COMPLAINT**

14. Although Plaintiff did not provide his cellular phone number to Defendant at any time or in any way, Defendant made, or caused to be made, and benefited/profited from the making of telephone calls to Plaintiff's cellular telephone line using an automatic telephone dialing system and/or a system that had the capacity to make automated calls.

15. Specifically, Defendant made, or caused to be made, and benefited/profited from the making of telephone calls to Plaintiff's cellular phone. Plaintiff received a call on his cellular phone on March 26, 2014 at approximately 9:30 a.m. originating from telephone number 775-671-3646. Plaintiff also received similar calls from the same number on his cellular phone on March 25, 2014 at approximately 1:00 p.m. and on March 24, 2014 at approximately 1:47 p.m. When Plaintiff answered the call there was a long pause and clicking noises followed by the voice of a man who explained that he was calling about a 2009 Lexus warranty. Plaintiff was transferred to a supervisor named Charlie Fort. Mr. Fort offered Plaintiff a "Diamond new car" protection plan for $3995. Mr. Fort went over the specifics of the plan and told Plaintiff that it was important for me to purchase the Diamond new car plan by the end of the call. Plaintiff's call was transferred to another supervisor, Samuel Morris. Mr. Morris confirmed that he was calling from All American Auto Protection, based in Las Vegas. During the call, Mr. Morris provided Plaintiff with the following telephone number for Plaintiff to use once Plaintiff made a decision: 800-426-1534. Plaintiff is informed and believes and thereon alleges that all telephone contact by Defendant to Plaintiff on his telephone occurred via an "automatic telephone dialing system," or using a system that had the capacity to make automated calls, as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

16. The telephone number that Defendant used to contact Plaintiff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular telephone line utilizing an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(B).

18. Plaintiff is informed and believes and based thereon alleges that substantially similar telephone calls using an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls were similarly initiated by Defendant to other individuals' cellular telephone lines belonging to the other members of the class, on repeated occasions. None of those cellular telephone subscribers gave Defendant their prior express consent to receive the calls and the calls were not made for emergency purposes.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b) on behalf of himself and all individuals in the United States and its territories who received telephone calls from an automatic telephone dialing system. Specifically, the Class is defined as follows:

> All individuals in the United States and its territories who received telephone calls on their cellular telephones which were made using any automatic telephone dialing systems and were made or caused to be made by Defendant within four years of the filing date of the original Complaint up to the present.

20. The Class consists of thousands of individuals who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective class and identities of the individual members thereof are ascertainable through Defendant's records, or the records of its representatives, including but not limited to the telephone message or transmission logs.

21. The claims of Plaintiff are typical of the claims of the respective class members. The claims of the Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the respective class members.

22. The respective classes have a well-defined community of interest. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

23. There are many questions of law and fact common to the claims of Plaintiff and the respective class members, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(2).

24. Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

    (a) Whether Defendant's conduct violates 47 U.S.C. § 227(b)(1)(B);

    (b) Whether Defendant's phone calls were made for an emergency purpose;

    (c) Whether Defendant obtained the phone call recipients' prior express consent;

    (d) Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendant;

    (e) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in their unlawful conduct; and

    (f) Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

25. Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26. Plaintiff will fairly and adequately represent and protect the interests of the respective class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

27. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality,

typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT ONE
## LIABILITY PURSUANT TO THE TCPA

28. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Defendant made, or caused to be made, and benefited/profited from the making of telephone calls using an automatic dialing system to Plaintiff and the Class Members' cellular telephone lines in violation of 47 U.S.C. § 227 *et seq*.

30. These calls were made *en masse* without the prior express consent of Plaintiff and the other members of the Class. None of the calls were made for emergency purposes.

31. Thus, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any cellular telephone service."

32. Moreover, Plaintiff is informed and believes and based thereon alleges that Defendant failed to satisfy the requirements set forth by 47 C.F.R. §64.1200 (d), which is a separate and independent violation under the Act. That regulation provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential

telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Person or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

33.  47 C.F.R. §64.1200 (e) provides that §64.1200 (d) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278 FCC 03-153, 'Rules and regulations Implementing the Telephone Consumer Protection Act of 1991."

34.  Defendant violated § 64.1200(d) and (e) by making, or causing to be made, and benefiting/profiting from the making of calls for telemarketing purposes to cellular telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive

telemarketing calls or texts from them, and in particular by (1) failing to have a written policy for maintaining a do-not-call list; (2) failing to inform and train telemarketing personnel in the existence and use of the do-not-call list; (3) failing to record do-not-call list at the time the request is made; (4) failing to honor called parties' do-not-call requests within a reasonable time from the date such request is made and no later than thirty days from the date such request; and/or (5) failing to provide called parties with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a working telephone number or address at which the person or entity may be contacted.

## DAMAGES UNDER THE TCPA

35. Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover either actual damages, or $500 in statutory damages for each such violation, whichever is greater.

36. Accordingly, as a proximate result of the Defendant's conduct, Plaintiff and the Class seek statutory damages as provided by law.

37. Plaintiff and the alleged Class are also entitled to recover statutory damages, separate and apart from the statutory damages recoverable for the placing of the phone calls, based on Defendant's failure to implement procedures as outlined by 47 C.F.R. § 64.1200(d) and (e).

38. In addition, if the court finds that the Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3).

## TCPA INJUNCTIVE RELIEF

39. Additionally, Plaintiff and the Class is entitled to request that Defendant be enjoined from the conduct alleged herein that violates the TCPA.

## DEMAND FOR PRESERVATION

40. Plaintiff specifically demands that Defendant and its agents, employees and affiliates, retain and preserve all records relating to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:
(1) Any equipment and/or device, including software, used to make marketing/solicitation phone calls within the last four years;

(2) Lists of all phone numbers to which marketing/solicitation phone calls were made within the last four years;

(3) List of all persons or phone numbers who requested to opt-out of receiving marketing/solicitation phone calls over the past four years;

(4) Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to Defendant by any company or person Defendant retained to transmit marketing/solicitation phone calls on Defendant's behalf;

(5) Any proof Defendant contends shows that Defendant obtained the prior express consent of any recipient of Defendant's marketing/solicitation phone calls;

(6) Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of marketing/solicitation phone calls placed by Defendant or on Defendant's behalf within the last four years;

(7) Copies of any and all training, including all policies or procedures, implemented by Defendant with regard to the placement of marketing/solicitation phone calls, as well as marketing activities and restrictions;

(8) Documents showing Defendant's cost for transmitting marketing/solicitation phone calls within the last four years; and

(9) Demand is made on Defendant to notify any third parties, customers, or vendors of this preservation demand and request preservation of any information requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against the Defendant, as follows:

(1) An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the Plaintiff and his counsel to represent the class;

(2) For statutory damages as provided for under 47 U.S.C. § 227(b)(3) plus up to treble that amount for Defendant's willful and knowing violations of the law;

(3) For an injunction restraining Defendant from making any more phone calls to cellular phone numbers using any automatic telephone dialing system without the express consent of the recipient;

(4) For pre-judgment interest from the date of filing this suit;

(5) For reasonable attorney's fees;

(6) For all costs of this proceeding; and

(7) For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

The undersigned affirms that the foregoing does not contain the social security of any person.

Respectfully submitted this ____ day of April, 2014.

DURNEY & BRENNAN, LTD.

By: _____
PETER D. DURNEY, ESQ.
Nevada Bar No. 57
6900 So. McCarran Blvd. Ste. 2060
Reno, NV 89509
ATTORNEYS FOR PLAINTIFF and all others similarly situated

**CLASS ACTION COMPLAINT**