UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES A. JONES, | ) | 3:14-cv-00199-LRH-WGC |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | **OF U.S. MAGISTRATE JUDGE** |
| ALL AMERICAN AUTO PROTECTION, INC., | ) ) | |
| Defendant. | ) ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) IB 1-4.

This Report and Recommendation addresses the failure of Defendant All American Auto Protection, Inc. (All American) to secure successor counsel to represent Defendant, a corporate entity, in this matter. After a thorough review, the court recommends that the answer of Defendant All American (Doc. # 22) be stricken and a default be entered against All American.

## I. BACKGROUND

Plaintiff Charles A. Jones (Jones) commenced this action against All American on April 14, 2014. (Doc. # 1.)[1] On June 20, 2014, Defendant All American, represented by attorneys Mark R. Smith, Eric S. Allen and Scott S. Allen, filed an answer to Plaintiff's complaint. (Doc. # 22.) A Discovery Plan and Scheduling Order was entered on August 2, 2014. (Doc. # 20.) On August 26, 2014, Defendant All American filed a motion to dismiss. (Doc. # 27.) A motion to stay discovery pending resolution of the motion to dismiss was filed on September 17, 2014. (Doc. # 30.) Following a motion hearing on

---

[1] Refers to court's docket number.

October 27, 2014, the court denied All American's stay request. (Doc. # 44.)[2]

Just prior to the hearing on Defendant's motion to stay, counsel for Defendant (Mark R. Smith, Eric S. Allen and Scott S. Allen) filed individual motions to withdraw as counsel for All American. (Docs. ## 39, 40 and 41.) Various reasons were provided for counsels' motions to withdraw, including All American's termination of its attorneys due to an anticipated bankruptcy action by All American. The court was advised by counsel for All American that they had informed their client that as a corporation, All American could only appear in federal court through licensed attorneys. (Doc. # 41 at 1.)

In addition to denying All American's motion for stay, the court reiterated the requirement that a corporation may only appear in federal court through a licensed attorney:

> The court directs counsel for Defendant to advise All American Auto Protection, Inc. of the court's decision regarding discovery and also reiterate the requirement of a corporation to obtain licensed attorney(s) to represent it in federal court pursuant to Ninth Circuit Court of Appeals decision in *In Re: American West Airlines.* 40 F. 3d 1058 (1994). The court cautions Defendant that if substitute counsel is not obtained, most likely the pending Motion to Compel (Doc. # 42) will be granted as against All American Auto Protection, Inc. The court will further enter a Report and Recommendation recommending a default judgment be entered against Defendant in view of its failure as a corporate entity to secure alternative counsel.

(Doc. # 44 at 2.)

The court deferred ruling on the motions of Defendant's attorneys to withdraw (## 39, 40, 41) until Plaintiff's counsel was provided an opportunity to respond to the motions or the time to do so expires. (*Id.* at 1.)

On October 28, 2014, attorney Mark Smith filed a certificate of compliance attesting that All American was again advised a corporate entity could not represent itself in a federal action, and if counsel were allowed to withdraw, that All American would face the entry of a default if it did not procure substitute counsel. (Doc. # 43.)

On December 4, 2014, this court entered an order granting the motions of attorneys Mark R. Smith, Eric S. Allen and Scott S. Allen to withdraw. (Doc. # 51.) The order further provided as follows:

> All American is again advised that as a general rule, a party may not proceed without counsel on behalf of artificial entities. 28 U.S.C. § 1654. It is well established that a corporation may appear in federal court only through a licensed attorney. *See*, *e.g.,*

---

[2] The motion to dismiss (Doc. # 27) is pending on the court's calendar. This Report and Recommendation does not address the motion to dismiss.

2

*United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Business entities such as corporations or limited liability companies may only appear in federal court through licensed attorneys. *HDR Insurance Managers, LLC v. Summit Insurance Services,* Inc., No. 2:09-cv-0380-LRH-GWF, 2011 WL 1336402 (D. Nev. 2011), citing *Rowland v. California Men Colony, Unit II Mens' Advisory Council*, 506 U.S. 194, 200-201 (1993); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972).

"Corporations and other unincorporated associations must appear in court through an attorney." *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (citations omitted). This rule "prohibits *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (trustee may not appear *pro se* because he is not the person who by substantive law has the right sought to be enforced).

IT IS FURTHER ORDERED that a copy of this order and all documents filed until Defendant obtains counsel shall be served on All American Auto Protection, Inc., at its address listed on page 4 of 7 in Doc. ## 39, 40 and 41:

> All American Auto Protection, Inc.
> 1785 E. Sahara Avenue, Suite 490
> Las Vegas, Nevada 89104

Defendant All American is advised if substitute counsel has not entered an appearance herein by January 5, 2015, this court will enter a Report and Recommendation recommending a default and default judgment be entered against All American Auto Protection, Inc.

(Doc. # 51 at 2.)[3]

## II. LEGAL STANDARD

As discussed above, All American was advised on numerous occasions that a corporation may only appear in federal court when represented by counsel. See, e.g., Docs. ## 43, 51 and 53. The law is clear in the Ninth Circuit to that effect. As the Court of Appeals held in *U.S. High Country Broadcasting Co., Inc.*, 3 F.2d at 1245: "[a] corporation may appear in federal court only through licensed counsel," citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721, 121 L.Ed 2d 656 (1993) and 28 U.S.C. § 1654.

The language of the Ninth Circuit's decision in the *America West Airlines* case is also unequivocal:

> Corporations and other unincorporated associations must appear in court through an attorney. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987); *Church of the New Testament v. United States*, 783 F.2d 771, 77-74 (9th Cir. 1986); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309-10 (2d Cir. 1991) (partnership not allowed to be represented by non-attorney partner).

---

[3] The Notice of Electronic Filing for Doc. # 51 was served on All American's former counsel electronically and upon All American by mail. All American's former counsel also served the order on Defendant by mail. (Doc. # 53.)

> In *United States v. Reeves*, however, we allowed a non-attorney partner to represent his interest in a partnership pursuant to Alaskan partnership statute. 431 F.2d 1187, 1188 (9th Cir. 1970). The Supreme Court in *Rowland v. California Men's Colony* recently criticized our holding in *Reeves* and observed that "save in a few aberrant cases [including *Reeves*], the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own case personally or by counsel,' does not allow corporations, *partnerships*, or associations to appear in federal court otherwise than through a licensed attorney." 606 U.S. 194, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993). (footnote omitted; italics in the original).

*In re America West Airlines*, 40 F.2d 1058, 1059 (9th Cir. 1944).

There can be no dispute that a corporate entity may proceed in federal court only when represented by licensed counsel. A corporation simply may not proceed pro se.

### III. CONCLUSION

All American Auto Protection, Inc., has been repeatedly advised of its obligation to defend this action through licensed counsel. Due to the failure of All American to obtain substitute counsel, this court recommends All American's answer (Doc. # 22) should be stricken and a default should be entered against All American by reason of its failure to "otherwise defend" this action. Fed. R. Civ. P. 55(a).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: January 8, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE