PETER D. DURNEY, ESQ.
Nevada State Bar No. 57
DURNEY & BRENNAN, LTD.
190 W. Huffaker Ln., Ste. 406
Reno, NV 89511
Telephone: (775) 322-2923

MATTHEW RIGHETTI (*Pro Hac Vice* Application Pending)
(California State Bar No. 121012)
MICHAEL C. RIGHETTI (*Pro Hac Vice* Application Pending)
(California State Bar No. 258541)
RIGHETTI • GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:   (415) 983-0900
Facsimile:    (415) 397-9005
matt@righettilaw.com
mike@righettilaw.com

Attorneys for Plaintiff, CHARLES A. JONES and JOSH WATSON
individually and on behalf of other members similarly situated

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES A. JONES and JOSH WATSON, on behalf of themselves and all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>ALL AMERICAN AUTO PROTECTION, INC.; ROYAL ADMINISTRATION SERVICES, INC.; HAROUT PAMBUCKCHYAN, RAFFI SADEJYAN, and JASON GARCIA,<br><br>Defendants. | Case No.: **3:14-cv-00199-LRH-WGC**<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 and 64.1200**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiffs, CHARLES A. JONES and JOSH WATSON, ("Plaintiffs") bring this action on behalf of themselves and an alleged class of persons similarly situated against Defendants ALL AMERICAN AUTO PROTECTION, INC.; ROYAL ADMINISTRATION SERVICES, INC.; and individual Defendants HAROUT PAMBUCKCHYAN, RAFFI SADEJYAN, and JASON GARCIA ("Defendants"), for violations of the Telephone Consumer Protection Act and the federal regulations promulgated thereunder ("TCPA"), 47 U.S.C. § 227.

## PRELIMINARY STATEMENT

1. In a recent effort to promote and enhance the sale of extended auto service/warranty contracts, Defendants made or caused to be made and benefitted/profited from unauthorized calls made to cellular telephone numbers throughout Nevada and the greater United States using an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls. In addition, Defendants initiated calls, for the purpose of telephone solicitations and telemarketing, to residential telephone numbers that were registered on the national do-not-call registry of persons, who, like Plaintiffs, do not wish to receive telephone solicitations.

2. Plaintiffs bring this class action complaint against Defendants to halt Defendants' practice of (a) making unsolicited solicitation calls to cellular telephone numbers throughout Nevada and the greater United States using "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls without first obtaining the required consent of the person being called, and (b) initiating calls, for the purpose of telephone solicitations and telemarketing, to residential telephone numbers that are registered on the national do-not-call registry of persons, who, like Plaintiffs, do not wish to receive telephone solicitations. Plaintiffs further bring this class action against individual Defendants HAROUT PAMBUCKCHYAN, RAFFI SADEJYAN, and JASON GARCIA, because these individuals had direct, personal participation in or personally authorized the conduct alleged to have violated the TCPA. Plaintiffs allege as follows upon personal information as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs and their attorneys.

## NATURE OF THE ACTION

3. This suit asserts allegations that Defendants violated the Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*) and the federal regulations promulgated thereunder ("TCPA") by making, or causing to be made, and benefiting/profiting from the making of telephone calls to cellular telephone lines using an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls. Defendant AAAP specifically made and/or initiated the illegal telemarketing calls at issue; however, co-Defendant Royal Administration Services, Inc. engaged AAAP to act as its agent, thus AAAP made and/or initiated illegal telemarketing calls on Royal's behalf and for Royal's benefit. Moreover, Defendants HAROUT PAMBUCKCHYAN, RAFFI SADEJYAN, and JASON GARCIA had direct, personal participation in or personally authorized the conduct alleged to have violated the TCPA. See *Texas v. Am. Blastfax*, 164 F.Supp.2d 892, 898 (W.D.Tex.2001); see also *Baltimore–Washington Tel. Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D.Md. 2008) (observing that if the defendants "actually committed the conduct that violated the TCPA, and/or ... actively oversaw and directed the conduct," they could be held individually liable for the statutory violations). These individual defendants are personally liable for the illegal calls described herein because they set company policies and oversaw day-to-day operations and were clearly and intricately involved in the allegedly illegal business practices. See *Covington & Burling v. Int'l Mktg. & Research, Inc.*, 2003 WL 21384825, *6 (D.C.Super.Ct. 2003) (holding that corporate executives were personally liable because they "set company policies and over[saw] day-to-day operations" and were "clearly involved in the business practices" that violated the TCPA).

4. Defendants initiated thousands of such telephone calls to cellular phone numbers using an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls without the prior express consent of the called party. The initiation of such phone calls to cellular telephone lines without the recipients' consent violates 47 U.S.C. § 227.

5. The suit further alleges that Defendants initiated calls, for the purpose of telephone solicitations and telemarketing, to residential telephone numbers that were registered on the national do-not-call registry of persons, who, like Plaintiffs, do not wish to receive telephone solicitations. Defendants

initiated thousands of telephone calls to residential telephone numbers that are registered on the national do-not-call registry of persons, who, like Plaintiffs, do not wish to receive telephone solicitations.

The calls alleged herein are being made in violation of the TCPA – a federal statute specifically prohibiting the type of conduct alleged herein.

6. Plaintiffs, on behalf of themselves and a class of similarly situated persons in the United States, as more specifically defined herein, bring this suit under the TCPA for injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7. This Honorable Court has sole and exclusive jurisdiction over this action under the TCPA. The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3). See, *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740-753 (2012).

## DESCRIPTION OF THE PARTIES

8. Plaintiffs are individuals domiciled and residing in the City of Reno, State of Nevada. Plaintiff, Charles Jones, received a call on his cellular phone on March 26, 2014 at approximately 9:30 a.m. and March 27, 2014 at 2:47 p.m. originating from telephone number 775-671-3646. At all times herein alleged Plaintiff, Charles Jones, cellular/residential telephone number was (775) 846-9738. Plaintiff, Charles Jones, also received calls from the same number on his cellular phone on March 25, 2014 at approximately 1:00 p.m. and on March 24, 2014 at approximately 1:47 p.m. Plaintiff, Josh Watson, received calls on his cellular phone on April 25, 2014 at 10:08 a.m., April 28, 2014 at 2:36 p.m., April 29, 2014 at 10:36 a.m. and May 1, 2014 at 10:04 a.m. originating from telephone number 775-671-3646. At all times herein alleged, Plaintiff, Josh Watson's, telephone number was: (775) 720-7563 These calls were not made in error, nor did Defendants have express permission from Plaintiffs to call,

4
**FIRST AMENDED CLASS ACTION COMPLAINT**

nor did Defendants have a personal relationship with Plaintiffs. At all times relevant to the complaint, Plaintiffs had registered the above-referenced cellular/residential telephone numbers on the do-not-call registry maintained by the U.S. Government. When Plaintiff, Charles Jones, answered the calls there was a long pause (approximately seven seconds) and clicking noises without any response from the initiating party. This was followed by a voice explaining that the call concerned Plaintiff's 2009 Lexus warranty. Plaintiff was transferred to a supervisor named Charlie Fort. Mr. Fort offered Plaintiff a "Diamond New Car" protection plan for $3995. Mr. Fort went over the specifics of the plan that Defendants were seeking to sell -- and told Plaintiff that it was important for Plaintiff to purchase the Diamond New Car plan by the end of the call. Plaintiff's call was transferred to another supervisor, Samuel Morris. Mr. Morris confirmed that he was calling from All American Auto Protection, based in Las Vegas. During the call, Mr. Morris provided Plaintiff, Charles Jones, with the following telephone number for Plaintiff to use to purchase the Diamond New Car plan once Plaintiff made a decision: 800-426-1534. This 800 phone number corresponds with the contact number set forth on Defendant's web site www.aaaprotection.com.

9. Defendant AAAP is a Nevada corporation located at 1785 E. Sahara Avenue, Suite 490, Las Vegas, NV. Plaintiffs are informed and believe Defendants HAROUT PAMBUCKCHYAN, RAFFI SADEJYAN, and JASON GARCIA are California residents. The individual Defendants are/were corporate officers, directors and/or employees of Defendant AAAP. The calls made to Plaintiff's cellular phone were made by or on behalf of Defendants using an automatic telephone dialing system and/or a system that had the capacity to make automated calls to cellular telephone lines of persons located in the United States.

10. Defendant ROYAL ADMINISTRATION SERVICES, INC. is a Massachusetts corporation with its headquarters in Hannover. Royal's agent for service of process is registered at 51 Mill Street, Building F, Hanover, MA 02339. ROYAL claims to have expertise in the administration of insured vehicle service contracts programs. ROYAL likewise claims that Defendant AAAP has established expertise in the marketing and sale of Royal's vehicle service contracts. Thus, Royal specifically

appointed Defendant AAAP to act as its agent for the purpose of promoting, marketing and selling Royal's vehicle service contracts.

11. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action for violations of the national do-not-call registry rules. Plaintiffs may obtain relief in the form of injunctive relief and/or Plaintiffs may recover $500.00 for each violation. If the Court finds that Defendantss violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, also known as "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party.

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated calls are a greater nuisance and invasion of privacy and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance, or after, the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

15. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiffs provided express consent within the meaning of the statute.

### Placing and Receipt of the Calls

16. At all relevant times Plaintiffs, individuals residing in the State of Nevada, were "persons" as defined by 47 U.S.C. § 153(32).

17. Although Plaintiffs did not provide their cellular phone number to Defendants at any time or in any way, and although Plaintiffs had registered the above-referenced residential/cellular telephone numbers on the do-not-call registry maintained by the U.S. Government, Defendants made, or caused to be made, and benefited/profited from the making of telephone calls to Plaintiffs' telephone lines using an automatic telephone dialing system and/or a system that had the capacity to make automated calls.

18. Specifically, Defendants made, or caused to be made, and benefited/profited from the making of telephone calls to Plaintiffs' cellular phone. Plaintiff, Charles Jones, received a call on his cellular phone on March 26, 2014 at approximately 9:30 a.m. originating from telephone number 775-671-3646. Plaintiff also received similar calls from the same number on his cellular phone on March 25, 2014 at approximately 1:00 p.m. and on March 24, 2014 at approximately 1:47 p.m. When Plaintiff answered the call there was a long pause and clicking noises followed by the voice of a man who explained that he was calling about a 2009 Lexus warranty. Plaintiff was transferred to a supervisor named Charlie Fort. Mr. Fort offered Plaintiff a "Diamond new car" protection plan for $3995. Mr. Fort went over the specifics of the plan and told Plaintiff that it was important for me to purchase the Diamond new car plan by the end of the call. Plaintiff's call was transferred to another supervisor, Samuel Morris. Mr. Morris confirmed that he was calling from All American Auto Protection, based in Las Vegas. During the call, Mr. Morris provided Plaintiff with the following telephone number for Plaintiff to use once Plaintiff made a decision: 800-426-1534. Similarly, Plaintiff, Josh Watson, received calls on his cellular phone as set forth above. Plaintiffs are informed and believe and thereon alleges that all telephone contact by Defendants to Plaintiffs on ther telephones occurred via an "automatic telephone dialing system," or using a system that had the capacity to make automated calls, as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

19. The telephone number that Defendants used to contact Plaintiffs was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20. Plaintiffs did not provide "express consent" allowing Defendants to place telephone calls to Plaintiffs' cellular telephone lines utilizing an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(B).

21. Plaintiffs are informed and believe and based thereon allege that substantially similar telephone calls using an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls and in violation of the do-not-call list regulations were similarly initiated by Defendants to other individuals' cellular and residential telephone lines belonging to the other members of the class, on repeated occasions. None of those cellular telephone subscribers gave Defendants their prior express consent to receive the calls and the calls were not made for emergency purposes.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(b) on behalf of themselves and all individuals in the United States and its territories who received telephone calls from an automatic telephone dialing system. Specifically, Class A is defined as follows:

> All individuals in the United States and its territories who received telephone calls on their cellular telephones which were made using any automatic telephone dialing systems and were made or caused to be made by Defendants within four years of the filing date of the original Complaint up to the present.

23. Plaintiffs also brings this action pursuant to Federal Rules of Civil Procedure 23(b) on behalf of themselves and all individuals in the United States and its territories who received telephone calls to residential telephone numbers registered on the do-not-call registry maintained by the U.S. Government. Specifically, Class B is defined as follows:

> All individuals in the United States and its territories who received more than one telephone call from Defendants (within any 12-month period) on their residential telephones registered on the do-not-call registry maintained by the U.S. Government within four years of the filing date of the original Complaint up to the present.

24. The Classes consist of thousands of individuals who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the

respective classes and identities of the individual members thereof are ascertainable through Defendant's records, or the records of its representatives, including but not limited to the information maintained by Defendant's VICIdial phone system, telephone message, or transmission logs.

25. The claims of Plaintiffs are typical of the claims of the respective class members. The claims of the Plaintiffs and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiffs and the respective class members.

26. The respective classes have a well-defined community of interest. Defendants have acted and failed to act on grounds generally applicable to the Plaintiffs and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

27. There are many questions of law and fact common to the claims of Plaintiffs and the respective class members, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(2).

28. Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

    (a) Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(B);

    (b) Whether Defendants' phone calls were made for an emergency purpose;

    (c) Whether Defendants' obtained the phone call recipients' prior express consent;

    (d) Whether Plaintiffs and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

    (e) Whether Defendants' telemarketing calls used an "automatic telephone dialing system," and/or using a system that had the capacity to make automated calls;

    (f) Whether Defendants made multiple telephone calls in any twelve month period to phone numbers listed on the national do-not-call registry in violation of the do-not-call regulations;

    (e) Whether Plaintiffs and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct; and

1    (f) Whether Plaintiffs and members of the Class are entitled to treble damages based on the
2 willfulness of Defendant's conduct.

3    29. Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

   30. Plaintiffs will fairly and adequately represent and protect the interests of the respective class members. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the respective class members.

   31. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT ONE
## LIABILITY PURSUANT TO THE TCPA

   32. Plaintiffs restate and incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

   33. Defendants made, or caused to be made, and benefited/profited from the making of telephone calls using an automatic dialing system to cellular telephone lines of members of Class A and Plaintiffs in violation of 47 U.S.C. § 227 *et seq.*

   34. Defendants made, or caused to be made, and benefited/profited both from the making of telephone calls to individuals in Class B in violation of 47 U.S.C. § 227 *et seq.*

   35. As to both Class A and Class B, Defendant Royal engaged Defendant AAAP to act as its agent and appointed AAAP for the specific purpose of promoting, marketing and selling insured vehicle service contract programs. In this regard, Defendant Royal expressly and/or implicitly controlled

Defendant AAAP such that Defendant Royal is vicariously liable for the acts complained of herein. Defendant Royal controlled its agent AAAP because AAAP was authorized to utilize or employ sales and marketing methodologies that were approved by Defendant Royal. In this regard, Defendant Royal specifically approved of the acts complained herein, and Defendant Royal knew or should have known that Defendant AAAP was engaging in illegal telemarketing practices, including "robo-calling" and targeting individuals who had expressly affirmed their desire not to be contacted or called.

36. These calls were made *en masse* without the prior express consent of Plaintiffs and the other members of the Class. None of the calls were made for emergency purposes.

37. As to Class A, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any cellular telephone service." Moreover, as to Class B Plaintiffs are informed and believe and based thereon allege that Defendants failed to satisfy the requirements set forth by 47 C.F.R. §64.1200 (d), which is a separate and independent violation under the Act. That regulation provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." With respect to Class B for the alleged violations of the do-not-call registry protections, the rules are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." Also see 47 CFR §64.1200(e).

38. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

**FIRST AMENDED CLASS ACTION COMPLAINT**

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Person or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

37.   As to Class B PlaintiffS are informed and believe and based thereon allege that Defendants failed to satisfy the requirements set forth by 47 C.F.R. §64.1200 (c). The regulation provides: (c) No person or entity shall initiate any telephone solicitation to: (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal

Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

38.  47 C.F.R. §64.1200 (e) provides that §64.1200 (d) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278 FCC 03-153, 'Rules and regulations Implementing the Telephone Consumer Protection Act of 1991."

39.  For members of Class B, Defendants violated § 64.1200(d) and (e) by making, or causing to be made, and benefiting/profiting from the making of calls for telemarketing purposes to residential telephone subscribers, such as Plaintiffs and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls or texts from them, and in particular by (1) failing to have a written policy for maintaining a do-not-call list; (2) failing to inform and train telemarketing personnel in the existence and use of the do-not-call list; (3) failing to record do-not-call list at the time the request is made; (4) failing to honor called parties' do-not-call requests within a reasonable time from the date such request is made and no later than thirty days from the date such request; (5) failing to provide called parties with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a working telephone number or address at which the person or entity may be contacted; and/or (6) telemarketing to residential telephone subscribers who have registered their telephone numbers on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

## DAMAGES UNDER THE TCPA

40.  Pursuant to 47 U.S.C. § 227(b)(3) and (c)(5), a person or entity may bring a private action to recover either actual damages, or $500 in statutory damages for each such violation, whichever is greater.

41.  Accordingly, as a proximate result of the Defendants' conduct, Plaintiffs and the Classes seek statutory damages as provided by law.

42.  Plaintiffs and the alleged Classes are also entitled to recover statutory damages, based on Defendants' failure to implement procedures as outlined by 47 C.F.R. § 64.1200(d) and (e).

43. In addition, if the court finds that the Defendants willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under federal law including 47 U.S.C. § 227(b)(3).

## TCPA INJUNCTIVE RELIEF

44. Additionally, Plaintiffs and the Classes are entitled to request that Defendants be enjoined from the conduct alleged herein that violates the TCPA.

## DEMAND FOR PRESERVATION

45. Plaintiffs specifically demand that Defendants and its agents, employees and affiliates, retain and preserve all records relating to the allegations in this Complaint. Specifically, Plaintiffs' demand for preservation includes, but is not limited to, the following documents and information:

(1) Any equipment and/or device, including software, used to make marketing/solicitation phone calls within the last four years;

(2) Lists of all phone numbers to which marketing/solicitation phone calls were made within the last four years;

(3) List of all persons or phone numbers who requested to opt-out of receiving marketing/solicitation phone calls over the past four years;

(4) Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to Defendant by any company or person Defendant retained to transmit marketing/solicitation phone calls on Defendant's behalf;

(5) Any proof Defendant contends shows that Defendant obtained the prior express consent of any recipient of Defendant's marketing/solicitation phone calls;

(6) Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of marketing/solicitation phone calls placed by Defendant or on Defendant's behalf within the last four years;

(7) Copies of any and all training, including all policies or procedures, implemented by Defendants with regard to the placement of marketing/solicitation phone calls, as well as marketing activities and restrictions;

(8) Documents showing Defendants' cost for transmitting marketing/solicitation phone calls within the last four years; and

(9) Demand is made on Defendants to notify any third parties, customers, or vendors of this preservation demand and request preservation of any information requested through this demand.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and as representatives of all other persons similarly situated, pray for judgment against the Defendants, as follows:

(1) An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the Plaintiffs and their counsel to represent the class;

(2) For Class A, statutory damages as provided for under 47 U.S.C. § 227(b)(3) plus up to treble that amount for Defendant's willful and knowing violations of the law;

(3) For Class B, statutory damages as provided for under 47 U.S.C. § 227(b)(5) plus up to treble that amount for Defendant's willful and knowing violations of the law;

(3) For an injunction restraining Defendants from making any more phone calls to cellular phone numbers using any automatic telephone dialing system without the express consent of the recipient and/or failing to abide by the alleged do-not-call regulations;

(4) For pre-judgment interest from the date of filing this suit;

(5) For reasonable attorney's fees;

(6) For all costs of this proceeding; and

(7) For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

# JURY DEMAND

Plaintiffs demand trial by jury on all counts for which a jury trial is permitted.

The undersigned affirms that the foregoing does not contain the social security of any person.

RESPECTFULLY SUBMITTED,

**Dated: April 2, 2014**                **DURNEY & BRENNAN, LTD.**

By:   /s/ Pete Durney
      Pete Durney
      190 W. Huffaker Ln., Ste. 406
      Reno, NV 89511
      ATTORNEYS FOR PLAINTIFFS and
      all others similarly situated