**PUOY K. PREMSRIRUT**, State Bar No. 7141
**BROWN BROWN & PREMSRIRUT**
520 S. Fourth Street, Second Floor
Las Vegas, NV 89101
Telephone: 702.384.5563
Facsimile: 702.385.6965
puoy@brownlawlv.com

Attorney for Defendant
Royal Administration Services, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES A. JONES and JOSH WATSON, on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>ALL AMERICAN AUTO PROTECTION, INC., ROYAL ADMINISTRATION SERVICES, INC., HAROUT PAMBUCKCHYAN, RAFFI SADEJYAN and JASON GARCIA<br><br>Defendants. | Civil Action No. 2:14-cv-00199-LRH-WGC<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Royal Administration Services, Inc. ("**Royal**" or "**Defendant**"), by its undersigned attorney, hereby answers the First Amended Class Action Complaint of Plaintiffs Charles A. Jones and Josh Watson ("**Plaintiffs**"). The numbers correspond to the numbers paragraphs of the First Amended Complaint.

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the First Amended Complaint, and therefore deny each allegation contained in Paragraph 1.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint, and therefore deny each allegation contained in Paragraph 2.

3. Defendant admits the engagement of third-party marketers only and deny illegal telemarketing calls were made and/or initiated for the benefit of Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the First Amended Complaint, and therefore deny each allegation contained in Paragraph 3. Moreover, Defendant cannot admit or deny the allegations contained in Paragraph 3 as they call for a legal conclusion.

4. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint, and therefore deny each allegation contained in Paragraph 4. Moreover, Defendant cannot admit or deny the allegation as to the violation of 47 U.S.C. § 227 contained in Paragraph 4 as it calls for a legal conclusion.

5. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the First Amended Complaint, and therefore deny each allegation contained in Paragraph 5. Moreover, Defendant cannot admit or deny the allegation as to the violation of TCPA statutes contained in Paragraph 5 as it calls for a legal conclusion.

6. Defendant denies the allegations contained in Paragraph 6 of the First Amended Complaint.

7. Defendant cannot admit or deny the allegations contained in Paragraph 7 of the First Amended Complaint as it calls for a legal conclusion.

8. Defendant is without sufficient knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the First Amended Complaint, and therefore deny each allegation contained in Paragraph 8.

9. Defendant is without sufficient knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the First Amended Complaint, and therefore deny each allegation contained in Paragraph 9.

10. In answering Paragraph 10 of the First Amended Complaint, Defendant admits that they are a Massachusetts corporation with its headquarters in Hannover and the address for its Registered Agent. Defendant also admits it is engaged in the administration of insured vehicle service contract programs but denies the allegation of claimed expertise. Defendant denies the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11. Defendant denies the allegations contained in Paragraphs 11 through 16 of the First Amended Complaint as they call for a legal conclusion.

12. Defendant denies the allegation contained in Paragraph 17 of Plaintiffs' First Amended Complaint.

13. In answering Paragraph 18 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the conversation between Plaintiff and alleged employees of All American Auto Protection, and therefore deny the same. Defendant denies the remaining allegations contained in Paragraph 18 of the First Amended Complaint.

14. Defendant denies the allegation contained in Paragraph 19 of the First Amended Complaint. Defendant Royal does not offer any diamond new car protection plan.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 20 through 21 of the First Amended Complaint, and therefore deny each allegation contained therein. Defendant Royal did not make, initiate or authorize any calls to Plaintiffs.

16. Defendant denies the allegations contained in Paragraph 22. Class A fails against Defendant Royal.

17. Defendant denies the allegations contained in Paragraph 23. Class B fails against Defendant Royal.

18. Defendant denies the allegations contained in Paragraphs 24 through 31, therein.

19. Defendant repeats and realleges its responses to Paragraphs 1-31 of Plaintiff's First Amended Complaint.

20. Defendant denies each and every allegation contained in Paragraphs 33 through 35 of Plaintiffs' First Amended Complaint.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the First Amended Complaint, and therefore deny each allegation contained therein. Defendant Royal did not make, initiate or authorize any calls to Plaintiffs.

22. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the First Amended Complaint, and therefore deny each allegation contained therein. Moreover, Defendant cannot admit or deny the allegations contained in Paragraph 37 as it calls for a legal conclusion.

23. Defendant cannot admit or deny the allegations contained in Paragraph 38 of the First Amended Complaint as it calls for a legal conclusion.

24. Defendant denies the allegations contained in mislabeled Paragraph 37 of page 12, line 22 of the Plaintiffs' First Amended Complaint as it calls for a legal conclusion. Moreover, Defendant denies the existence of any Class B Plaintiff.

25. Defendant denies the allegations contained in mislabeled Paragraph 38 of page 13, line 3 of the Plaintiffs' First Amended Complaint as it calls for a legal conclusion.

26. Defendant denies the allegations and existence of any Class B Plaintiff as contained in Paragraph 39 of the Plaintiffs' First Amended Complaint.

27. Defendant cannot admit or deny the allegations contained in Paragraph 40 of the First Amended Complaint as it calls for a legal conclusion.

28. Defendant denies the allegations contained in Paragraphs 41 through 44 of the First Amended Complaint.

29. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the First Amended

Complaint, and therefore deny each allegation that Defendant Royal has any or that such documents or information exist.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state claims upon which relief may be granted.

2. Plaintiff's claims and causes of action are barred, in whole or in part, by any material breaches by plaintiff of its contracts with Defendants.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. Plaintiff's claims and causes of action are barred in whole or in part by reason of set-off and recoupment, available to Defendant.

5. Due to Plaintiff's own actions, Plaintiff is barred from recovery on the grounds that Plaintiff has waived whatever rights it may have had to assert the claims alleged in the First Amended Complaint.

6. Plaintiff's claims are barred by applicable limitations on actions, including the statute of limitations.

7. Plaintiff's claims are barred by the equitable doctrine of estoppel.

8. Plaintiff's claims are barred because Plaintiff has sued the wrong entity defendants.

9. Plaintiff's claims are barred because Plaintiff consented to the alleged conduct in the First Amended Complaint.

10. Plaintiff's claims are barred because Plaintiff breached its contract with Defendant.

11. Plaintiff's claims are barred because Plaintiff authorized the alleged conduct of Defendant complained of in the First Amended Complaint.

12. The liability, if any, of Defendant must be reduced by the percentage of fault of Plaintiff and others.

13. Each and every act of Defendant complained of in the First Amended Complaint was justified, proper, legal faire and not done in degradation of Plaintiff's rights or legal interests.

14. Plaintiff's claims and causes of action are barred, in who or in part, due to plaintiff's failure to mitigate, minimize, or otherwise avoid damages.

15. Plaintiff's claims are barred because any injury it suffered was the result of the actions of an intervening superseding cause over whom Defendant had no control.

16. Plaintiff's damages if any were not caused by negligence or want of care by Defendant, but were caused by third parties over which Defendant had no control.

17. Plaintiff's claims are barred pursuant to the doctrine of laches.

18. Plaintiff's claims are barred because the conduct alleged in the First Amended Complaint was privileged.

19. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to the breach, conduct acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others and Plaintiff, and not by Defendant.

20. Any act or omission on the part of Defendant was not the proximate cause of alleged injuries or damages, if any, sustained by Plaintiff.

21. Defendant at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Defendant.

22. The liability of Defendant, if any, is several and not joint and several, and based upon other parties' own acts and not the solely the Defendant.

23. Defendant owed no duty to plaintiff.

24. Defendant did not breach any duty, if any, to Plaintiff.

25. Defendant was unaware of any wrongdoing by any other defendant or third party.

26. No agents of Defendant were authorized to commit any conduct alleged in the First Amended Complaint.

27. Plaintiff did not justifiably or reasonably rely on any representation made by Defendant.

28. Plaintiff's claims are barred by Plaintiff's failure to exhaust its available remedies.

29. Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional affirmative defenses and factual matters in support of its affirmative defenses, in the event that discover indicates that such defenses or factual allegations are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the First Amended Complaint on file herein;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED this 12th day of February, 2015.

BROWN BROWN & PREMSRIRUT

*/s/ Puoy Premsrirut*
PUOY K. PREMSRIRUT, ESQ.
Nevada Bar No. 007141
520. S. Fourth Street, Second Floor
Las Vegas, NV  89101
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of February, 2015, pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF a true and correct copy of the foregoing ANSWER TO PLAINTIFFS FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT:

Peter D. Durney, Esq.
DURNEY & BENNAN, LTD.
190 W. Huffaker Ln., Ste. 406
Reno, NV 89511

Matthew Righetti, Esq.
Michael C. Righetti, Esq.
RIGHETTI • GLUGOSKI, P.C.
456 Montgomery Street, Ste. 1400
San Francisco, CA 94104

           */s/ Christina A. Hooks*
           Christina A. Hooks, an Employee of
           BROWN BROWN & PREMSRIRUT